**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

DAVID P. UELSMANN,

                Petitioner,

v.                                                                            CIVIL ACTION NO. 5:05-cv-00715

CHARLES T. FELTS,

                Respondent.

**JUDGMENT ORDER**

      Petitioner *pro se* David P. Uelsmann ("Petitioner") brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  By order dated September 1, 2005, this Court referred petitioner's application to Magistrate Judge R. Clarke VanDervort for proposed findings of fact and a recommendation ("PF&R"). [Docket No. 4].  On May 25, 2006, Judge VanDervort issued a PF&R recommending that the Court construe petitioner's § 2241 application as filed under 28 U.S.C. § 2255 and dismiss the petition for lack of subject-matter jurisdiction. [Docket No. 17].  This Court adopts Judge VanDervort's recommendation.

      Petitioner has not established that a habeas application filed under § 2255 is inadequate or ineffective as required by In re Jones, 226 F.3d 328, 334 (4th Cir. 2000).  Moreover, the claims contained in petitioner's § 2241 application [Docket No. 1] do not provide this Court with the appropriate ground in which to issue a § 2241 writ, as his claims challenge the imposition of his sentence rather than its execution.  See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).  Accordingly, petitioner cannot proceed under 28 U.S.C. § 2241.

This Court has the authority to construe *sua sponte* petitioner's § 2241 application as a § 2255 petition and adopts Judge VanDervort's recommendation to do so here.  Petitioner, however, was sentenced in the Eastern District of Missouri and thus this Court does not have subject-matter jurisdiction to adjudicate his § 2255 application.  See 28 U.S.C. § 2255; In re Vial, 115 F.3d at 1194.

On June 7, 2006, petitioner filed written objections to Judge VanDervort's PF&R. [Docket No. 8].  The petitioner offers little in the way of objections, but instead requests that this Court "transfer" his application to the Eastern District of Missouri because apparently he realizes that any such § 2255 petition would be time-barred pursuant to 28 U.S.C. § 2255(1).  [Docket No. 8].  This Court cannot transfer petitioner's application as a means of circumventing 28 U.S.C. § 2255(1) and therefore denies petitioner's request.

Upon review of Judge VanDervort's PF&R,  this Court adopts the recommendations contained therein.  Accordingly, the Court hereby (1) **DENIES** petitioner's application [Docket No. 1] without prejudice, and (2) **DIRECTS** the Clerk to remove this action from the Court's active docket.

The Clerk is further directed to provide a copy of this Order to all counsel of record, the petitioner, *pro se*, and Magistrate Judge VanDervort.

**SO ORDERED.**                    ENTER:      June 27, 2006

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE